**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00162-RJC-DSC**

| | | |
|---|---|---|
| **ERNEST HOLMES III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **v.** | ) | |
| | ) | |
| **MEDICREDIT INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Judgment on the Pleadings," Doc. 9, as well as the parties' briefs and exhibits. Docs. 10, 13 and 14.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be <u>denied</u>, as discussed below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Pro se Plaintiff filed his twenty-five count Complaint against Defendant alleging violations of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (the "FDCPA"), and 47 U.S.C. § 227, the Telephone Consumer Protection Act (the "TCPA"). Doc. 1. The allegations in the Complaint are based upon telephone calls Plaintiff received from Defendant between July 2014 and December 2014. Id. at 3-9. Plaintiff claims that these telephone calls "annoyed and emotionally drained" him and resulted in his being "harassed repeatedly during a very difficult

time in my recovery from [two] 2 spinal surgeries." Id. at p. 3.

On June 23, 2015, Defendant filed its Motion for Judgment on the Pleadings. Defendant argues that Plaintiff's Complaint fails under the FDCPA because he has not plead any facts showing that the telephone calls constitute harassment as defined by the statute. Defendant further argues that the telephone calls do not violate the TCPA because Plaintiff provided his telephone number to the creditor and thereby expressly consented to receiving calls related to the debt.

The Motion has been fully briefed and is ripe for determination.

## II.   DISCUSSION

### A.      Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F.Supp.2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed.R.Civ.P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well in resolving a Rule 12(c) motion. Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433 (M.D.N.C. 2011).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for

Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6).  Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009);  Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard.  First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior

era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.      The Fair Debt Collection Practices Act ("FDCPA") Claim**

Congress established the FDCPA to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). Specifically, the FDCPA prohibits "the use of any conduct the natural consequence of which is to harass, oppress, or abuse any person" 15 U.S.C. § 1692d, "any false, deceptive or misleading representations or means" 15 U.S.C. § 1692e, and "any unfair or

unconscionable means" 15 U.S.C. § 1692f, to collect or attempt to collect any debt, and "requires a debt collector to provide a validation notice" 15 U.S.C. § 1692g. The FDCPA creates a private cause of action against debt collectors who violate its provisions. <u>See</u> 15 U.S.C. § 1692k.

To prevail on a FDCPA claim, a plaintiff must allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. <u>Dikun v. Streich</u>, 369 F.Supp.2d 781, 784–85 (E.D. Va. 2005). The standard of review for evaluating FDCPA claims is that of the "least sophisticated debtor." <u>Chaudhry v. Gallerizzo</u>, 174 F.3d 394 (4th Cir. 1999).

Plaintiff asserts that Defendant's telephone calls violated 15 U.S.C. § 1692d. When attempting to collect a debt, the debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse" the plaintiff. 15 U.S.C § 1692d. Conduct that violates this section of the FDCPA includes:

> "(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

Id.

In determining liability under 1692d(5), courts have considered the volume and pattern of calls made to the debtor. Wallace v. Optimum Outcomes, Inc., No. 5:13-CV-277, 2015 WL 627944, at *4 (E.D.N.C. Feb. 12, 2015) (citing Akalwadi v. Risk Mgmt. Alt., Inc., 336 F.Supp.2d 492, 505–06 (D.Md. 2004)).

"When the court considers a motion for judgment on the pleadings, it should 'construe the facts and reasonable inferences…in the light most favorable to the [nonmoving party].'" Kotane, Inc. v. Banish, No. 5:10-cv-90, 2011 WL 3804181, *2 (W.D.N.C. August 29, 2011) (quoting Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997)). The Court "must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." Id. (citations omitted). "[A movant] may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." Id. (quoting BET Plant Svcs., Inc. v. W.D. Robinson Electric Co., Inc., 941 F.Supp. 54, 55 (D.S.C. 1996)).

Taken in the light most favorable to Plaintiff, the non-moving party, the Court finds that he has stated a plausible claim for violations of the FDCPA. To find otherwise would require the Court to impermissibly draw inferences in Defendant's favor.

**C.      Telephone Consumer Protection Act ("TCPA") claims**

Consumer complaints about abuses of advancing technology prompted Congress to pass the TCPA. Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740, 742 (2012). The relevant portion of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), makes it unlawful:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—...
>
> > (iii) to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call.

Subsection (b)(3) provides a private right of action in state courts and allows individuals to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation ..." 47 U.S.C. § 227(b)(3)(B).  If a defendant has "willfully or knowingly" violated this subsection of the TCPA, the court has discretion to increase the damages up to $1,500 for each violation. 47 U.S.C. § 227(b)(3)(C).

To state a claim under Section 227(b)(1)(A)(iii) of the TCPA, a plaintiff must allege: (1) that the defendant called the plaintiff's cellular telephone; (2) using an automatic telephone dialing system; (3) without the plaintiff's prior express consent. Hossfeld v. Government Employees Ins. Co., No. WDQ-14-0876, 2015 WL 847474, at *4 (D. Md. Feb. 25, 2015)(citing  Kristensen v. Cr. Payment Servs., 12 F.Supp.3d 1292, 1300 (D.Nev.2014); Wagner v. CLC Resorts & Devs., Inc., 32 F.Supp.3d 1193, 1195 (M.D.Fla.2014)). Plaintiff alleges that the telephone calls from Defendant constitute violations of the TCPA because they were made to his cellular phone and used an automated dialing and voice system.  See Doc. 1.  Defendant argues that when the calls were made it was acting with the prior express consent of the called party because Plaintiff gave his cellular phone number to the creditor.

At this stage of the proceedings, accepting the facts alleged in the Complaint as true, Plaintiff has stated sufficient facts to allege a violation of the TCPA that is plausible on its face. To find otherwise would require the Court to impermissibly draw inferences in Defendant's favor. Therefore, the undersigned respectfully recommends that Defendant's Motion for Judgment on the Pleadings be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion for Judgment on the Pleadings," Doc. 9, be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: August 11, 2015

David S. Cayer
United States Magistrate Judge